UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEDRIC MCNEAIR,<br><br>Defendant. | Case No. CR22-25RSL<br>No. CR15-322RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. # 41).[1] Having considered the motion and the record contained herein, the Court finds as follows:

**I.   Procedural Motions**

As an initial matter, the Court finds compelling reasons justify sealing defendant's records containing sensitive information (Dkt. # 50). The government's motion to seal (Dkt. # 49) is accordingly GRANTED. The government's motion to file an overlength brief (Dkt. # 47) is also GRANTED.

**II.   Background**

Defendant is a 46-year-old inmate currently incarcerated at Sheridan Federal Correctional Institution ("Sheridan FCI"). *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 24, 2023). On March 21, 2022, this Court accepted defendant's pleas of guilty to one count of possession of controlled substances with

---

[1] Citations to the docket refer to case No. CR22-25RSL unless otherwise indicated.

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 1

intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), as well as one count of possession of a firearm in furtherance of drug trafficking in violation of 21 U.S.C. § 924(c)(1)(A)(i). Dkts. # 14, 36. On August 4, 2022, this Court sentenced defendant to a term of six months on count one to run consecutive to a term of 60 months on count two for a total of 66 months. Dkt. # 36 at 2. This term of imprisonment is to be followed by a three-year term of supervised release. *Id.* at 3.

As defendant was under federal supervision when he committed these offenses, his conduct also constituted violations of his supervised release. In response to these violations, the Court revoked defendant's term of supervised release, imposed a custodial term of 11 months to run consecutively to the 66-month sentence imposed pursuant to the new case, and terminated further supervision. *See* Dkt. # 65.[2]

Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on January 17, 2027. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 24, 2023).

### III. Legal Framework

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress has provided an exception to that rule, known as compassionate release, which allows the Court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c); *see also United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021); *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). The First Step Act of 2018 amended the procedural requirements governing compassionate release. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. Now, under the First Step Act, defendants are permitted to directly petition the Court for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

---

[2] Citation to the docket in case No. CR15-322RSL.

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 2

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>>> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>>>>
>>>> (ii) . . .
>>>
>>> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

Before passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. *See* 28 U.S.C. § 994(t). In doing so, Congress instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id*. The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 3

(1)(A) Extraordinary and compelling reasons warrant the reduction;

. . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

**Commentary**

**Application Notes:**

1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    **(A) Medical Condition of the Defendant—**

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    . . . .

2. **Foreseeability of Extraordinary and Compelling Reasons.**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 4

> imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.
>
> **3. Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.
>
> . . . .

U.S.S.G. § 1B1.13. The Ninth Circuit has held that U.S.S.G. § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 993 F.3d at 798, 802.[3] The Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but it is not binding. *Id.*

**IV.   Analysis**

In deciding whether to grant defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the Court first considers whether defendant has met the statutory exhaustion requirement for compassionate release. If the exhaustion requirement is met, the Court turns to three substantive considerations that govern compassionate release analysis: (1) whether "extraordinary and compelling reasons warrant such a reduction," (2) whether a reduction would be "consistent with *applicable* policy statements issued by the Sentencing Commission," and (3) the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (emphasis in original) (internal citations and quotations omitted). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Id.*

**A. Exhaustion Requirement**

---

[3] "Although the Sentencing Commission recently issued a policy statement addressing defendant-filed motions, it is not yet in effect." *United States v. Roper*, No. 22-30021, 2023 WL 4360600, at *3 n.2 (9th Cir. July 6, 2023) (citing Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254 (May 3, 2023)).

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 5

The Court first determines whether defendant has met the statutory exhaustion requirement. Where, as here, the Director of the BOP has not filed the motion on defendant's behalf, the Court may only consider the motion if defendant has requested that the BOP make such a motion and either (i) defendant has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (ii) 30 days have elapsed since the "warden of the defendant's facility" received a compassionate-release request from defendant. *Keller*, 2 F.4th at 1281 (quoting 18 U.S.C. § 3582(c)(1)(A)).

Here, defendant has provided the Court with a copy of the request he submitted to the warden of his facility on December 1, 2022. *See* Dkt. # 41-1. Thus, it is clear that more than 30 days have elapsed since defendant submitted his request. The government does not argue that defendant has failed to satisfy the exhaustion requirement. *See* Dkt. # 48 at 7. The Court therefore considers the merits of defendant's motion for compassionate release.

### B. "Extraordinary and Compelling" Reasons

It is defendant's burden to establish an extraordinary and compelling reason warranting compassionate release. *See Wright*, 46 F.4th at 951 (explaining that it is defendant's "burden to establish his eligibility for compassionate release"). Here, defendant puts forward three potential bases for the Court to find "extraordinary and compelling reasons:" (1) his medical conditions; (2) the lack of adequate medical care at Sheridan FCI; and (3) the "cruel and unusual punishment" he has faced during his term of imprisonment. Dkt. # 41 at 1. The Court analyzes each in turn.

#### a. Medical Conditions

Defendant notes that the Court is "well aware of most of [his] medical issues" and directs the Court to materials submitted by defendant's counsel at sentencing for relevant documentation. *Id.* These medical records, coupled with defendant's recent BOP medical records submitted by the government, demonstrate a swath of diagnoses including atrial fibrillation, congestive heart failure, obesity, hypertension, sleep apnea, cellulitis, and peripheral vascular disease, among others. *See* Dkt. # 30; Dkt. # 50. Defendant also notes that he

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 6

contracted COVID-19 twice while incarcerated and argues that "COVID has made [his] health issues wors[e] due to the long term [e]ffects of the virus." Dkt. # 41 at 2.

While the Court acknowledges the clear challenges of managing the myriad health issues defendant is currently dealing with, it does not find that these health concerns constitute "extraordinary and compelling reasons." In both the existing policy statement applicable to BOP-brought motions and the proposed policy statement applicable to defendant-brought motions, the Sentencing Commission has indicated that in order for a medical condition to reach the level of an "extraordinary and compelling reason," it must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility." *See* U.S.S.G. § 1B1.13(1)(A); Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254 (May 3, 2023). While neither policy statement is currently binding on the Court, the Court finds the requirement set forth in the policy statements persuasive.

Here, defendant has failed to demonstrate that his medical conditions – most of which predate his current term of incarceration – substantially diminish his ability to provide self-care within Sheridan FCI. Further undermining his claim, defendant's medical records indicate that he has been cleared to work in Sheridan FCI with "no restrictions," and he has no "physical limitation/restrictions" noted. Dkt. # 50 at 51-53. As one district court has observed: "To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from . . . chronic conditions that [he] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Weidenhamer*, No. CR16-1072ROS, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019); *see also United States v. Allen*, No. CR17-229TOR, 2019 WL 6529113, at *2 (E.D. Wash. Dec. 4, 2019). As defendant has failed to demonstrate that his conditions cannot be managed in prison, the Court finds that defendant's medical diagnoses are not extraordinary and compelling reasons for release.

### b. Lack of Adequate Medical Care & Frequent Lockdowns

Defendant also argues that the conditions of his confinement at Sheridan FCI constitute "extraordinary and compelling reasons" justifying his release. First, defendant argues that due to

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 7

understaffing at Sheridan FCI, he is "unable to get the proper medical care" he requires. Dkt. # 41 at 3. Specifically, defendant asserts that he is "seen by a doctor once a year" and that if he "go[es] to sick-call, [he is] told to watch the call-outs for [his] appointment to see a nurse for [his] health concerns or issues." *Id.* He notes that "this process can take a week or longer." *Id.*

Second, defendant argues that he has been subject to "multiple lockdowns" while serving his current period of incarceration at Sheridan FCI, and that as a result he has been "denied programming to better myself, communication with my family, and access to medical." Dkt. # 41 at 4. He notes that the "constant lockdowns and confinement are starting to affect [his] mental health." *Id.* Defendant argues that both the lockdowns and the lack of adequate medical care violate his Eighth Amendment rights. *Id.* at 2-4 (citing *Estelle v. Gamble*, 429 U.S. 97 (1976) and describing the lockdowns as "cruel and unusual punishment").

As an initial matter, this Court and several other district courts have reasoned that "[a]ny Eighth Amendment arguments defendant may have regarding the conditions of confinement may be properly brought in a habeas petition or a direct civil claim, not a motion for compassionate release." *United States v. Rollness*, No. CR06-041RSL, 2021 WL 4476920, at *6 n.6 (W.D. Wash. Sept. 30, 2021) (collecting cases). However, the Ninth Circuit has not addressed the issue in a published opinion, and has specifically declined to rule on whether Eighth Amendment claims may be brought under § 3582(c)(1)(A) in its unpublished opinions. *See United States v. Wheeler*, 837 F. App'x 542 (9th Cir. 2021); *United States v. Rivera*, 845 F. App'x 683 (9th Cir. 2021); *United States v. Alcaraz*, No. 22-10097, 2022 WL 12030043 (9th Cir. Sept. 19, 2022); *United States v. Arceneaux*, 830 F. App'x 859 (9th Cir. 2020). Accordingly, while the Court concludes that defendant's Eighth Amendment claims are likely better suited to a habeas petition or civil rights claim, there appears to be no barrier preventing the Court from considering his claims under the compassionate release framework. *See Roper*, 2023 WL 4360600, at *2 (noting the "broad discretion" district courts have in determining "what may constitute extraordinary and compelling reasons").

Considering defendant's allegations under the compassionate release rubric, the Court finds that defendant has failed to demonstrate extraordinary and compelling reasons.

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 8

As to his claims of inadequate medical care, defendant has failed to articulate specific examples of inadequate treatment or any health consequences that have stemmed from the alleged failings of the Sheridan FCI medical staff. Furthermore, defendant's complaints are undermined by his BOP medical records, which indicate that he has been seen by a physician – including an off-site visit to a cardiologist – on at least five occasions since August of 2022. *See* Dkt. # 50 at 4, 5, 7, 11, 65. The Court finds that defendant's allegations of inadequate medical care – either standing alone or when considered in combination with defendant's medical diagnoses – do not constitute extraordinary and compelling reasons warranting release.

Similarly, the Court finds that defendant has failed to demonstrate that the lockdowns at his institution constitute an extraordinary and compelling reason justifying his release. Courts in this district have consistently concluded that "general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release." *United States v. Bolden*, No. CR16-320RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020); *see also United States v. Kvashuk*, No. CR19-143JLR, 2023 WL 3866678, at *2 (W.D. Wash. June 7, 2023) (collecting cases). This Court agrees, and finds that the lockdowns at Sheridan FCI – while undoubtedly difficult – do not constitute grounds for compassionate release.

Because the Court finds that defendant's proffered reasons – neither individually nor combined – constitute extraordinary and compelling reasons justifying a reduction in sentence, the Court denies defendant's motion for compassionate release.

**C.  § 3553(a) Factors**

Even if defendant could demonstrate extraordinary and compelling reasons, the Court finds that a sentence reduction would not be consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); *see also Keller*, 2 F.4th at 1284. Relevant factors include: (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," (ii) the need for the sentence imposed (1) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (2) to adequately deter criminal conduct and "to protect the public from further crimes

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 9

of the defendant," and (3) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," (iv) the sentencing guidelines, and (v) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a); *see also United States v. Grimes*, No. CR11-5509-BHS, 2021 WL 319404 (W.D. Wash. Jan. 26, 2021) (summarizing factors).

Here, while the Court acknowledges that defendant was employed at both Operation Night Watch and the YWCA at the time of his most recent offense, and commends him for performing so successfully in his roles that both organizations have offered to re-employ him upon his release, *see* Dkt. # 30-2 at 4-5, the Court finds that the "history and characteristics of the defendant" militate against compassionate release at this time. Defendant has a significant criminal history, including several firearm and drug trafficking charges. Dkt. # 26 at 13-19. Perhaps most concerningly, defendant was under federal supervision in relation to a felon in possession conviction at the time of the instant offense. *Id.* at 18-19. Additionally, the nature and circumstances of defendant's crime were quite serious. Defendant was part of a major drug trafficking organization and a search of his home and vehicle prior to arrest uncovered three firearms and a significant quantity of drugs in his possession. *Id.* at 11. The Court finds that granting defendant's motion for compassionate release would be inconsistent with the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment" in this case.

As a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i) would be inconsistent with the Court's analysis of the factors listed in 18 U.S.C. § 3553(a), the Court denies defendant's motion for compassionate release.

//
//
//
//

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 10

### IV. Conclusion

For all the foregoing reasons, defendant's motion for compassionate release (Dkt. # 41) is DENIED. The government's motion to seal (Dkt. # 49) and motion to file an overlength brief (Dkt. # 47) are GRANTED.

IT IS SO ORDERED.

DATED this 25th day of July, 2023.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 11